# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELIA WATTS,<br><br>                    Plaintiff,<br>vs.<br>METROPOLITAN LIFE INSURANCE COMPANY; SYSTEMS INTEGRATION & MANAGEMENT WELFARE BENEFIT PLAN; SYSTEMS INTEGRATION & MANAGEMENT, INC.,<br><br>                    Defendants. | CASE NO. 09cv829 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Second Application to File Documents Under Seal or in the Alternative to Designate Documents as Not Confidential. (Doc. # 50).

### BACKGROUND

On April 20, 2009, Plaintiff initiated this action by filing a Complaint. (Doc. # 1). Plaintiff's action arises under the Employee Retirement Income Security Act ("ERISA"). *Id.* at 1. On April 2, 2010, the Magistrate Judge issued an order on the confidentiality of Metropolitan Life Insurance Company's ("MetLife") proprietary business information which Plaintiff sought in discovery. (Doc. # 35). The order, which ratifies a stipulation agreed upon by Plaintiff and MetLife, holds that the documents at issue are confidential pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 2. The order states in part:

> If any party wishes to use Confidential Information during any motion practice or trial of this action, they will submit such materials under seal, pursuant to the Local Rules of this Court. Documents filed with the Court that are designated Confidential or contain or discuss Confidential Information shall be filed under seal and kept under seal absent a further order of the Court. Where possible, however, only the Confidential portions of filings with the Court shall be filed under seal. . . .
>
> No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

*Id.* at 2-3.

On June 16, 2010, Plaintiff filed an Application to File Documents Under Seal. (Doc. # 42). On June 24, 2010, the Court denied the application without prejudice in an order which states in part:

> The Application identifies excerpts from three exhibits which Plaintiff wishes to file under seal pursuant to the Magistrate Judge's April 2, 2010 Order of Confidentiality. *Id.* Plaintiff did not provide the Court with copies of the documents with this Court or provide any reasons to seal the documents in spite of the strong presumption in favor of public access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

(Doc. # 47).

On July 14, 2010, Plaintiff filed her Second Application to File Documents Under Seal or in the Alternative to Designate Documents as Not Confidential. (Doc. # 50). Plaintiff provided a copy of the documents at issue to the Court. The same day, Defendants filed an Ex Parte Motion for Order Allowing Defendants and Counterclaimants to Respond. (Doc. # 51). On July 15, 2010, the Court granted Defendants' motion via minute entry and allowed it to file a response on or before July 19, 2010. (Doc. # 52). On July 19, 2010, Defendants filed an opposition to Plaintiff's request for alternative relief designating the documents not confidential. (Doc. # 53).

## ANALYSIS

Plaintiff seeks permission to file internal documents related to MetLife's claims processing under seal pursuant to the Magistrate Judge's April 2, 2010 order. (Doc. # 50). In

1  the alternative, Plaintiff requests that if the Court determines that the documents are not
2  confidential, that the Court make a specific finding that they are not subject to the previous
3  confidentiality order. *Id.* at 2.

4  Defendants state they do not oppose Plaintiff's request to file the documents under seal,
5  however, they object to Plaintiff's proposed alternative relief. (Doc. # 53 at 2). Defendants
6  contend they "have a due process right to be heard prior to public disclosure of their
7  confidential and proprietary information . . . ." *Id.* at 3. Defendants contend that the Plaintiff
8  has not made "any evidentiary showing . . . which contradicts the bases on which she
9  previously agreed and the Court previously ordered that the documents be 'confidential'. . .
10 ." *Id.* Defendants contend Plaintiff's proposed alternative relief must be denied pursuant to
11 the confidentiality order. *Id.* at 4.

12 "Historically, courts have recognized a 'general right to inspect and copy public records
13 and documents, including judicial records and documents.'" *Kamakana v. City and County of*
14 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435
15 U.S. 589, 597 & n.7 (1978)). Except for documents that are traditionally kept secret, there is
16 "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins.*
17 *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1178-79. "A party
18 seeking to seal a judicial record then bears the burden of overcoming this strong presumption
19 by meeting the compelling reasons standard. That is, the party must articulate compelling
20 reasons supported by specific factual findings, . . . that outweigh the general history of access
21 and the public policies favoring disclosure, such as the public interest in understanding the
22 judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted).
23 The presumed right to access to court proceedings and documents can be overcome "only be
24 an overriding right or interest 'based on findings that closure is essential to preserve higher
25 values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United*
26 *States District Court*, 920 F.3d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v.*
27 *Superior Court*, 446 U.S. 501, 510 (1985)).

28 The burden a party must bear to seal evidence attached to a dispositive motion is higher

than the standard which must be met before a magistrate will issue a protective order preserving the confidentiality of information during discovery. *Kamakana*, 447 F.3d at 1180. "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions," but "[d]ifferent interests are at stake with the right of access [to evidence in support of dispositive motions] than with Rule 26(c)[.]   "[W]ith the former, the private interests of the litigants are not the only weights on the scale," and the court must also consider the right of the public to access court records. *Id.*  Therefore, "a 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.*

The parties have failed to provide any basis for sealing the documents aside from reference to the Magistrate Judge's order and Defendants' vague assertions that release of the information would "harm MetLife's competitive advantage in the marketplace." (Doc. # 53 at 5).  Although Plaintiff was the original moving party, the burden of persuasion is on MetLife, as the party seeking to restrict the public's access to the record, to establish that "compelling reasons" justify sealing these documents. *See Kamakana*, 447 F.3d at 1178-79.  In the absence of "compelling reasons," the Court cannot seal the documents.  However, the Court will not grant Plaintiff's requested alternative relief of allowing Plaintiff to file the documents as part of the public record without providing MetLife with an opportunity to meet the burden required to seal the documents at issue.

## CONCLUSION

IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Second Application to File Documents Under Seal or in the Alternative to Designate Documents as Not Confidential (Doc. # 50) remains pending before the Court.

(2) MetLife may file a motion to seal the documents **within twenty-one days** of the date of this order.  MetLife shall obtain a hearing date from chambers prior to filing the motion.

(3) In the event that MetLife fails to file a motion to seal, the Court will permit

1 | Plaintiff to file the documents as part of the public record.

3 | DATED: July 28, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge